UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN HOSKINS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-03315-SEB-TAB |
| STAN KNIGHT, Warden, Plainfield Correctional Facility,[1] | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

In this habeas action, petitioner Kevin Hoskins challenges a prison disciplinary conviction. The petitioner was found guilty on March 2, 2017, of possession of a cellular device in violation of Code A-121 in IYC 17-02-0163. Sanctions including the deprivation of 120 days of earned credit time were imposed.

The respondent seeks the dismissal of this action on the grounds that Mr. Hoskins failed to exhaust his administrative appeals process and he has not shown the denial of any clearly established federal right. Mr. Hoskins did not reply to these arguments. For the reasons explained in this Entry, Mr. Hoskins' grounds for relief are either procedurally defaulted or not cognizable.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the petitioner's custodian, Warden Stan Knight, is properly substituted as the respondent. Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The **clerk is directed** to update the docket accordingly.

*Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.  Disciplinary Proceeding**

On February 3, 2017, Officer A. Long wrote a report of conduct in case IYC 17-02-0163 charging Mr. Hoskins with offense A-121, possession of a cellular device. The conduct report states:

> On 2-3-17 approximately 715 pm I A. Long was conducting a search of offender Hoskins #120108 bed area while conducting the search I found a black Verizon phone in a boot.

Dkt. 11-1. The conduct report lists Mr. Hoskins' housing unit as OSD 2-74. A photo of the evidence record form and phone was taken. On February 16, 2017, Mr. Hoskins was notified of the charge and served with a copy of the conduct report and a copy of the Notice of Disciplinary Hearing "Screening Report." Mr. Hoskins was notified of his rights and pleaded not guilty. He requested a lay advocate and one was appointed. Mr. Hoskins requested a witness statement from Offender Jason Reynolds and camera review. Both were provided along with witness statements from two officers.

On March 2, 2017, the disciplinary hearing officer (DHO) held a disciplinary hearing in case IYC 17-02-163. Mr. Hoskins pleaded not guilty and provided the following statement: "It

2

wasn't my boot. I had only been there two weeks, I didn't have any boots." The report of disciplinary hearing indicates the DHO considered staff reports, Mr. Hoskins' statement, evidence from witnesses, the photo, and video evidence. The DHO found Mr. Hoskins guilty of A-121 possession of a cellular device and gave a written reason for the decision. The DHO imposed the following sanctions: 120 days' loss earned credit time, and a suspended demotion in credit class from class B to class C.

Mr. Hoskins appealed the disciplinary action to the facility head on March 5, 2017, which was denied on March 20, 2017. He argued that the conduct report contained errors, that his transfers made it difficult to get witness statements, and that the hearing should have been conducted within seven days according to policy. Dkt. 11-12. Mr. Hoskins appealed to the final reviewing authority for the Indiana Department of Correction on April 3, 2017. In this appeal Mr. Hoskins argues that the phone was found in a common area and that there was a delay between the incident and hearing date. Dkt. 11-13. This appeal was denied on April 5, 2017.

**C. Exhaustion**

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present ... the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Fair presentment requires a petitioner to "put forward [the] operative facts and

controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted).

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat,* 288 F.3d at 981. The respondent argues that Mr. Hoskins failed to exhaust the administrative appeals process as to certain claims, and because the time to complete such administrative appeals process has passed, no relief can be given under the habeas corpus doctrine. Mr. Hoskins has not objected to this conclusion.

The unexhausted claims include the alleged failure to produce requested evidence and a challenge to the sufficiency of the evidence. Because Mr. Hoskins failed to exhaust his available state administrative remedies as to these claims, they are procedurally defaulted and federal habeas relief is not available on this basis. *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c).

**D. Policy Violation**

Mr. Hoskins did exhaust one ground for relief that he now brings in this petition for writ of habeas corpus. Specifically, he raised the issue of the denial of a fast and speedy trial in violation of the Indiana Department of Corrections policy at every level of administrative review.

Unfortunately for Mr. Hoskins, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the

administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Hoskins is not entitled to relief on this basis.

### E. Conclusion

The undisputed record reflects that Mr. Hoskins did not timely exhaust his available administrative remedies as to those claims alleging the violation of a federally secured right. The claim that was exhausted is based on the violation of Department of Correction policy such that relief is not warranted. Because there is no valid basis upon which this Court could issue a writ of habeas corpus, this action is dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  6/27/2018

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN HOSKINS
120108
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov